JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

EUMI L. CHOI (WVBN 722)
Assistant United States Attorney

   150 Almaden Blvd.
   Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5079
   Facsimile:  (408) 535-5066
   E-Mail: eumi.choi@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) No. 07-00805 JW |
|---|---|
| Plaintiff, | ) |
| v. | ) NOTICE TO SEEK REMAND |
| EDWARD THOMAS RENSEL, | ) |
| Defendant. | ) |

**INTRODUCTION**

Defendant, Edward Thomas Rensel, has indicated that he intends to enter a plea of guilty to the charge of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), at a hearing scheduled before this Court on September 15, 2008. Defendant is not in custody, but was released on bond in the amount of $ 50,000 (unsecured). The United States hereby notifies the Court that, following defendant's entry of a guilty plea, it will seek remand to custody under 18 U.S.C. § 3143(a).

//

**NOTICE OF GOVERNMENT'S INTENTION TO SEEK REMAND FOLLOWING GUILTY PLEA
PURSUANT TO 18 U.S.C. § 3143(a)(2), CR No. 07-00805 JW**   1

DISCUSSION

A. **Section 3143(a)(2) Applies and Mandates Detention**

Defendant's release or detention is governed by 18 U.S.C. § 3143(a)(2),[1] which states that

> [t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

As to the first prerequisite, following his guilty plea, defendant will have been convicted of a crime of violence for which a maximum term of imprisonment of 10 years or more is prescribed (*see* 18 U.S.C. §§ 3142(f)(1)(A), 3156(a)(4)) because the offense is a felony under chapter 110, which includes U.S.C. §§ 2251-2260.

As to the other requirements, neither of the alternative conditions set forth in § 3143(a)(2)(A) can be met here. First, defendant intends to plead guilty, so there is no substantial likelihood that a motion for acquittal or new trial will be granted. Second, a government attorney has not recommended and will not recommend that no sentence of

---

[1] Section 3143(a) applies to defendants who have "been found guilty of an offense" – whether by trial or by guilty plea – and are "awaiting imposition or execution of sentence." *See United States v. Cazares*, 121 F.3d 1241, 1247 (9th Cir. 1997) ("[t]he effect [of a guilty plea] is the same as if [defendant] had been tried before a jury and had been found guilty on evidence covering all of the material facts") (internal quotation omitted); *see also United States v. Devinna*, 5 F. Supp. 2d 872, 872 (E.D. Cal. 1998) ("[h]aving pleaded guilty to a 'crime of violence,' defendant is subject to a provision mandating detention pending sentencing"); *United States v. Bryant*, 895 F. Supp. 218, 220 (N.D. Ind. 1995) ("the guilty pleas must be considered equivalent to a finding of guilty for purposes of Section 3143(a)").

**NOTICE OF GOVERNMENT'S INTENTION TO SEEK REMAND FOLLOWING GUILTY PLEA PURSUANT TO 18 U.S.C. § 3143(a)(2), CR No. 07-00805 JW**

imprisonment be imposed in this case. Indeed, the plea agreement contemplates an advisory Sentencing Guidelines offense level of 28.

Because defendant is pleading guilty to an offense specified in 18 U.S.C. § 3142(f)(1)(A)-(C) and has met neither of the two prerequisites for release under § 3143(a)(2), he must be detained pending sentencing.

### B. **Defendant Does Not Fall Within the Exception of § 3145(c)**

Notwithstanding § 3143(a)(2), under 18 U.S.C. § 3145, defendant has the opportunity to avoid mandatory detention if he can show exceptional circumstances. Section 3145(c) provides that:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions or release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). "[T]he district court has authority to determine whether there are exceptional reasons," and has broad discretion in making that determination. *United States v. Garcia*, 340 F.3d 1013, 1014 n.1, 1018 (9th Cir. 2003). Although the Ninth Circuit has "place[d] no limit on the range of matters the district court may consider" when deciding whether the defendant met his burden of establishing grounds excusing detention, *id.* at 1018-19, it has emphasized that the circumstances warranting release must indeed be exceptional:

> Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal.

*Id.* at 1022.

The government respectfully submits that in this case there are no "exceptional reasons" under § 3145(c). Accordingly, even if defendant is able to establish by clear and convincing evidence that he is not a flight risk or a danger to any other person or to the community, detention is mandatory.

**CONCLUSION**

For the foregoing reasons, as required by 18 U.S.C. § 3143(a)(2), the government seeks defendant's remand to custody following his plea of guilty, and respectfully submits that defendant does not qualify for release under 18 U.S.C. § 3145(c).

DATED: September 12, 2008             Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

                                      /s/
                                      EUMI L. CHOI
                                      Assistant United States Attorney